IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda Nesbitt, #139726, <br><br> Petitioner, <br><br> v. <br><br> Superintendent, Leath Correctional Institution, <br><br> Respondent. <br>_____ | C/A No. 5:14-344-RBH-KDW <br><br><br> REPORT AND RECOMMENDATION |

Petitioner Brenda Nesbitt ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 20, 21. On May 19, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to Respondent's Motion. ECF No. 22. On June 13, 2013, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 27. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be granted.

I.     Background

Petitioner is currently incarcerated in the Leath Correctional Institution of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 1986, Petitioner was

indicted at the November term of the Greenville County Grand Jury for armed robbery, (#86-GS-23-6212), murder (#86-GS-23-6213), and conspiracy (#86-GS-23-6214). App. 225-27.[1] After the State agreed to drop its notice to seek the death penalty, Petitioner pleaded guilty to all charges against her on February 16, 1987. App. 65-67. Petitioner appeared before the Honorable William T. Howell and was represented by C. Carlyle Steele and Will T. Dunn during the guilty plea. App. 1; 64-70. Petitioner's co-defendant also pleaded guilty on February 16, 1987. App. 77-81. The following day, the Honorable William T. Howell sentenced Petitioner to life imprisonment on the murder charge, 25 years imprisonment for the armed robbery charge, and five years imprisonment for the conspiracy charge. App. 91-92. The sentences were to run consecutively. *Id.* Petitioner did not file an appeal of her conviction or sentence.

II.     Procedural History

Petitioner filed three applications for Post-Conviction Relief ("PCR"). Petitioner filed her first PCR Application on June 25, 1996, (96-CP-23-1745), alleging "(a) Sixth Amendment Constitutional Violation of Effective Assistance of Counsel. (b) 8th Amendment to the United States Constitution, and (c) 14th Amendment to the United States Constitution and S.C. Constitution." App. 94-100. Specifically, Petitioner asserted the following allegations, recited verbatim, regarding her claims:

> (A) Trial Counsel Failed to appeal.
> 2 Trial Counsel failed to timely file notice of appeal.
> 3 Trial Counsel failed to advise Nesbitt of her right to an appeal.
> 4 Counsel failed to provide expert testimony regarding Nesbitt's childhood, medical/mental status at the time the incident occurred.

---

[1] Citations to "App." refer to the Appendix for Petitioner's Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 21-1 in this habeas matter.

> (5) Applicant was denied the right to have her individual circumstances considered by the court imposing the sentence, a violation of the 8th Amendment to the United States Constitution, age, teenage mother, drug abuse.
> 6 Trial Counsel failed to motion during the week of sentencing, in regards to her sentence, since the sentence is the Applicant's only complaint.
> 7 Applicant states there is new evidence and/or material facts that have not been presented or heard by the court, arrest warrants, indictments, etc. Applicant state her Counsel's ineffectiveness prejudiced her defense.
> 8 The conviction was in violation of Applicant's right to due process, to appeal and equal protection guaranteed by the 14th Amendment to the United States Constitution and by the South Carolina Constitution.
> 9 The trial concentrated on the crime and not the evidence nor the warrants, or indictments whereas the indictment read that Ms. Nesbitt was an accessary not the primary, but it was her counsel's legal responsibility to communicate the facts and circumstances surrounding this matter to the Court in a clear and timely manner prior to her plea.
> 10 Counsel rushed Applicant (Ms. Nesbitt) into pleading guilty without securing a written agreement (Plea Agreement) from the Solicitor and/or judge prior to sentencing.
> 11 Counsel failed to lay out a trial strategy rather than rush into an unprotected guilty plea.
> 12 Counsel met with Defendant (Applicant) over a (9) nine month period, preparing her defense, in agreement with her to plead Not Guilty, then once in Court, let the Solicitor intimidate her into pleading Guilty to all the primary charges, when she was only an accessary.

App. 96. The State filed a Return to Petitioner's Application on May 23, 1997. App. 101-05. Thereafter a motions hearing convened on June 23, 1998, before the Honorable Jackson V. Gregory. App. 106-159. During the hearing, Petitioner was present and represented by David W. Holmes. *See id.* After the hearing, the PCR Court denied and dismissed Petitioner's PCR Application with prejudice on October 5, 1998, because Petitioner had not "established any constitutional violations or deprivations before or during her guilty plea proceeding." App. 160-66.

On October 16, 1998, PCR counsel Holmes filed an appeal on Petitioner's behalf. ECF No. 21-2. On April 7, 1999, Daniel T. Stacey, Chief Attorney for the South Carolina Office on

Indigent Defense, filed a Petition for Writ of Certiorari, and raised "[w]hether [P]etitioner pleaded guilty knowingly, intelligently and voluntarily when she was not made aware of the sentences she was facing?" ECF No. 21-3. The State filed a Return to the Petition for Certiorari on June 8, 1999. ECF No. 21-4. The South Carolina Supreme Court issued an Order denying the Petition for Writ of Certiorari on July 10, 2000, and issued the Remittitur on July 26, 2000. ECF Nos. 21-5; 21-6.

Petitioner filed her second PCR Application on June 18, 2001. ECF No. 21-7. Petitioner claimed, verbatim, she was being held unlawfully based on the following grounds:

(a) Prejudice Trial Judge Violated A procedure. 5th Amendment.
(b) Denied Due Process of Law/Prosecution Misconduct
(c) Inaffective Assistance of Trial Counslor/Neligence in their Performance

As facts to support the grounds Petitioner stated, verbatim:

(a) (1791) 6th Amendment Rights to A fair an imparshal Jury Trial
(b) (1868) Amendment XIV. no state shall deprive any person of Due Process & Equa Prot
(c) Attorney violated Appellate Rules SCACR 407. Rules 8.3.8.4. Rules 3.3

As additional support, Petitioner alleged, verbatim:

Ground One
The Petitioner "Brenda Nesbitt" #139726, states that she was denied Due Process of Law and Equal Protection Under the Law Prejudice.

Ground Two
Under The United States Constitution Amendment (1791) 6th Amend: In all Criminal Prosecution, the accused shall enjoy the rights of a Speedy Trial. by an Impashail Jury. To be confronted with the witness against her. To have Compulsory Process, for obtaining witnesses in her favor.

Ground Three
Under The United States Constitutional Amendments (1791). The 5th Amendment. Indictment of a Grand Jury was the elements of Corrupt Conspiracy and Police Misconduct, Mirand Rights Violation, the confession of a crime obtained by force and Procedure Violation:
The Petitioner "Brenda Nesbitt" #139726, was also sent to the William S. Hall Psychartic Unit of the State's Mental Health Hospital, at that time she was also told

> by the Dr. Curtis Beebe, that she had to tell him about her crime, which again the Petitioner "Brenda Nesbitt" #139726, Patients Bill of Rights were violated, because the details of the Petitioner "Brenda Nesbitt" #139726, did not sign a consent form to speak about the details of the alleged crime which she was indicted for State of South Carolina Prosecution Attorney obstructed the course of Justice, when she was sent to The William S. Hall, For alleged Elvaution, yet she confessed about the details of the crime and based on Dr. Curtis Beebee's Report it inculpalunted the above Petitioner "Brenda Nesbitt" #139726. And was used as fact Finding Evidence Against her. which made her a witness against herself:
>
> Ground Four
> The Attorney's were Neligent and Represented her falsely. Culpate Neligence Attorney for "Brenda Nesbitt" #139726, Failed to have an Incamera Hearing to have the Statement from the Police report and statement from Dr. Curtis Beebee, Suppressed because of Procedure Violation and Under Due Process of Law.
>
> Ground Five
> No Rational Trier of Fact could conclude that the Petitioner was not denied the rights of Equal Protection of the Law and Due Process of Law. No Rational Trier of Fact count contend that the Petitioner was not aware of the dangers of speaking freely with the Police and with the Attending MD Dr. Curtis Beebe. Inrelation to giving a detail outline about the crime. No Rational Trier of fact could conclude that the Trial Judge fully explained the exposure of the guilty plea that was intered by the Petitioner, by and through the Petitioner and on the advice of Attorney, that the Plea was Intered Freely and or that she under stood the consequences of Pleading Guilty . . No Rational Trier of fact could conclude that the Attorney's Represented her according to the laws of the S.C. Const. The Attorney's Falsely Represent the Appallant, and should be DISEMBARRED from Practicing Law, and used the codefendant as a tool to get her to plea Guilty, stated that the State was going to get the co-defendant to Testify Against her, If she did not plead guilty to the charged, also stated she would get the Electric Chair if she proceed with a Jury Trial, which in the beginning of the case was set for a Jury Trial. Under these circumstances the Petitioner case should be overturned and granted time served because she was framed for a Murder she did not committe.

ECF No. 21-7. The State filed a Return to Petitioner's Second PCR Application on October 11, 2002. ECF No. 21-8. In her second PCR hearing, Petitioner was present and represented by Efia Nwangaza. ECF No. 21-9.[2]   After the hearing, the Honorable Edward W. Miller dismissed

---

[2] The transcript of the second PCR hearing is not included in the record before the court.

Petitioner's second PCR action with prejudice, finding "it [was] successive to a prior application for post-conviction relief." *Id.* at 3.

On March 16, 2004, Petitioner filed a pro se appeal. ECF No. 21-10. Petitioner's appeal was dismissed on April 12, 2004, "[d]ue to the failure of [Petitioner] to timely serve and file the notice of appeal. . . ." ECF No. 21-11. Thereafter, Petitioner wrote a letter to the Clerk of the South Carolina Supreme Court, which the court construed as a motion to reinstate the appeal. ECF No. 21-12. Noting there are no exceptions to the thirty-day time period to file an appeal, the South Carolina Supreme Court denied Petitioner's motion without prejudice. *Id.* Additionally, the court issued a Remittitur on May 14, 2004. ECF No. 21-13.

On January 25, 2011, Petitioner filed a third application for post-conviction relief. ECF No. 21-14. There, Petitioner argued that she was a "victim of a miscarriage of justice and is entitled to her day in court." *Id.* at 5. She argued that her co-defendant's statements to police should have been suppressed because it was irrational and unreliable. *Id.* at 1-3. Additionally, Petitioner maintained that her plea was involuntary and that the Post-Conviction Relief Act is in part unconstitutional. *Id.* at 3-9. The State submitted a Return and a Motion to Dismiss Petitioner's third application, arguing the court should summarily dismiss Petitioner's application because it was successive and filed after the statute of limitations had expired. ECF No. 21-15. The Honorable Robin B. Stilwell issued a conditional order of dismissal of Petitioner's third PCR Application on March 23, 2011, giving Petitioner 20 days to show why the order should not become final. ECF No. 21-16. Petitioner filed a "Reply to Motion to Dismiss and a Notice of Appeal" and an "Order dismissing PCRA should not be made final/Notice of Appeal." ECF Nos. 21-18; 21-19.

Thereafter, the Honorable D. Garrison Hill reviewed Petitioner's responses and denied and dismissed Petitioner's third PCR action with prejudice. ECF No. 21-17.

On November 15, 2013, the Supreme Court of South Carolina issued an order dismissing Petitioner's purported notices of appeal. ECF No. 21-20. Additionally, the court issued the remittitur on December 3, 2013. ECF No. 21-21. Petitioner then filed a "Request for Reconsideration regarding: Motion for Permission to allow later filing of Notice of Appeal" dated December 3, 2013. ECF No. 21-22. The South Carolina Supreme Court considered the filings to be Petitions for Rehearing but dismissed them as untimely on January 3, 2014. ECF No. 21-23.

III. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in her federal petition for a writ of habeas corpus, quoted verbatim:

> GROUND ONE: Plea was irrational[3]
> Supporting Facts: State Witness Co Defendant was irrational drug addict. Police lied about competence of witness. Trial judge irrationally found witness competent. ECF No. 8-1 at 5.
>
> GROUND TWO: Ineffective Assistance of Counsel at Plea
> Supporting Facts: Plea counsel failed "to address the obvious mental instability and apparent unreliability of Franklin's statements when taken in the context of a drug addict of deficient mental state when interrogated by police." ECF No. 8-1 at 14. "Counsel did not advise her of her right to appeal, and none was filed by counsel." ECF No. 8-1 at 11; *see also* ECF No. 8-1 at 14.
>
> GROUND THREE: Abuse of Discretion by Trial Court
> Supporting Facts: The trial court erred in failing to suppress Petitioner's co-defendant's statements. ECF No. 8-1 at 14.

---

[3] Only Ground One is specifically listed in Petitioner's Habeas Petition. Respondent listed the other Grounds because Petitioner attached her third PCR Application to her Habeas Petition.

> GROUND FOUR: Post-Conviction Relief Act is in part unconstitutional
> Supporting Facts: "The Act is unconstitutional because it suspends habeas relief after one year, and because, combined with the Supreme Court's interpretation so confuses the defendant that he is told by the lower court that he has no relief available that would conform to habeas corpus. . . ." ECF. No. 8-1 at 18-19.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v.*

*Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed her Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of her claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

    IV.    Discussion

A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 21 at 13-15. Petitioner contends "ineffective assistance of counsel at plea" and "Defendant is actually innocent" when explaining why the one-year statute of limitations does not bar her petition. ECF No. 8-1 at 9.

The AEDPA one year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not seek review by the United States Supreme Court. Accordingly, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). As in *Gonzalez*,

Petitioner's judgment of conviction became final "when h[er] time for seeking review with the State's highest court expired." *Gonzalez*, 132 S. Ct. at 653-54.[4]

Review of the record indicates Petitioner's federal habeas petition was not timely filed. The AEDPA's effective date is April 24, 1996, and Petitioner had until April 23, 1997, to file her § 2254 petition because her conviction became final before the effective date of the AEDPA. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998) ("[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their § 2254 petition or § 2255 motion.").

As previously summarized, Petitioner filed her first PCR application on June 25, 1996, which tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner's time to file her habeas petition remained tolled until July 26, 2000, at the latest, when the South Carolina Supreme Court issued its Remittitur. ECF No. 21-6. Petitioner failed to file this habeas petition until February 7, 2014, well over a year after the July 26, 2000 date of Remittitur. Accordingly, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

---

[4] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653-54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if [s]he presents (1) extraordinary circumstances, (2) beyond h[er] control or external to h[er] own conduct, (3) that prevented h[er] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that

12

decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418).

Here, Petitioner has not offered any argument as to why the statute of limitations should be tolled, and none is readily apparent on the record. The record indicates that Petitioner filed two successive PCR actions that were summarily dismissed. However, pursuing successive PCR actions does not excuse a fourteen-year delay in filing a habeas petition. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Furthermore, there is no factual basis for Petitioner's assertion that she is innocent. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).

To the extent that Petitioner contends that her Petition is timely because she is actually innocent of the crimes to which she pleaded guilty, the undersigned finds that this argument is without merit. Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). Even if the undersigned were to assume that an "actual innocence" exception exists for a habeas claim barred by the statute of limitations, Petitioner has failed to meet its extremely high threshold standard. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at

13

327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* at 538 (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In this matter, Petitioner has not offered any new evidence to support an "actual innocence" claim. Accordingly, it is recommended that the Respondent's motion for summary judgment be granted.[5]

V.    Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

September 17, 2014                                              Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] Because the undersigned finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of her claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).