IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Brenda Nesbitt, #139726, | ) | Civil Action No.: 5:14-cv-344-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Superintendant, Leath Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

### INTRODUCTION

Petitioner Brenda Nesbitt, #139726 ("Petitioner"), a state prisoner proceeding *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Pet., ECF No. 1. On September 17, 2014, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("R & R") recommending that Respondent's motion for summary judgment be granted and the petition be denied. *See* R & R, ECF No. 29. Objections to the R & R were due October 6, 2014. On October 17, 2014, having received no objections to the R & R, the Court entered an order adopting the R & R, granting Respondent's motion for summary judgment and dismissing the petition with prejudice. *See* Order, ECF No. 33. On November 6, 2014, Petitioner filed a motion to vacate the Court's order adopting the R & R, which is presently before the Court. *See* Mot., ECF No. 36.

In the Motion, Petitioner asks the Court to vacate its prior order adopting the R & R and dismissing her petition.[1] Petitioner asserts that she did not receive the Magistrate Judge's R & R in

---

[1] Petitioner fails to specify whether she seeks relief pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). "Generally the timing of the motion's filing controls 'whether a motion for reconsideration is governed by Rule 59(e) or Rule 60(b).'" *Gaines v. South Carolina*, No. 0:08-cv-

the mail until October 2, 2014. *See* ECF No. 36 at 1. Petitioner then claims that she received the Court's order adopting the R & R on October 22, 2014. *See id.* She argues that she was not given sufficient time to respond to the R & R and, as a result of the prison mailroom, she has "been unable to respond to the litigation from the court." *Id.* She then reasserts her argument in her petition that her plea in the underlying state case was "irrational." *See id.* at 1–2. Finally, she argues that the Magistrate Judge in this matter was "incompetent" and improperly determined that she had not shown that a miscarriage of justice warranting equitable tolling of the statute of limitations. *See id.* at 2.

## STANDARD OF REVIEW

### I.     Rule 59(e)

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 59.30[4] (3d ed.); see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." (internal quotations and citations omitted)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994)

---

00530-RBH, 2009 WL 3817287, at *1 (D.S.C. Nov. 12, 2009) (quoting *Harrison v. Watts*, 609 F. Supp. 2d 561, 569 (E.D. Va. 2009)). Here, Petitioner filed her motion within 28 days of the Court's Order. Accordingly, she would fall within the time frame for a motion to reconsider pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e) (noting that any motion to alter or amend must be filed "no later than 28 days after the entry of the judgment"). Nevertheless, because she has titled her motion as a "motion to vacate" the Court will analyze the motion under both the Rule 59(e) and Rule 60(b) standards.

2

(quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

**II.     Rule 60(b)**

Like Rule 59(e), Rule 60(b) provides for an extraordinary remedy that should not be awarded save under exceptional circumstances. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 376 (4th Cir. 2012). Rule 60(b) provides a means for the court to "relieve a party . . . from a final judgment, order, or proceeding" for six separately listed reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," a void judgment, a satisfied, released or discharged judgment, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Prior to establishing that one of the above six subparts is applicable, a party moving for relief under Rule 60(b) must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, (4) and exceptional circumstances. *See Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Although "for any reason that justifies relief" has been described as a catch-all provision, a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted). "Relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *See Wojcicki v. Aiken Tech. College*, No. 1:06-

cv-00461, 2012 WL 3596161, at *2 (D.S.C. Aug.12, 2012) (citing *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) (per curiam)).

## DISCUSSION

**I.     Analysis Under Rule 59(e)**

The Court notes that there has been no intervening change in controlling law which would affect the issues addressed in the Order dismissing the petition. Moreover, no new evidence has been presented. Accordingly, reconsideration is not warranted on either of the first two grounds set forth in *Collison*, 34 F.3d at 235. Therefore, the Court need only determine whether Defendant has shown the need for the Court "to correct a clear error of law or prevent manifest injustice." *Id.*

After thorough review of the record, the Court finds that Petitioner has failed to show the need to correct a clear error of law or prevent manifest injustice. Petitioner's motion merely claims that she did not receive the Magistrate Judge's R & R in sufficient time to file objections. Petitioner admits, however, that she received the Court's mailing dated September 17, 2014 (which contained the R & R) on October 2, 2014. This was prior to the deadline for filing objections to the R & R, which expired on October 6, 2014. Petitioner, however, did not make any motions requesting an extension of time to file objections, despite admitting she received the R & R and was aware of the delay. The Court did not issue its Order adopting the R & R until October 17, 2014, and Petitioner did not receive that Order until October 22, 2014. Petitioner, therefore, had ample time in which to request an extension of time to file objections prior to receiving the Court's order, but never did so. Accordingly, the Court finds that Petitioner has failed to show a clear error of law or need to prevent manifest injustice which would warrant setting aside the Court's prior order.[2]

---

[2] The Court further notes that, even if it were to grant the motion to vacate and allow Petitioner to file objections to the R & R, it would be to no avail. In the R & R, the Magistrate Judge pointed out that this petition is well beyond the statute of limitations for filing a § 2254 petition. *See* ECF No.

4

## II.     Analysis Under Rule 60(b)

The Court also finds that Petitioner has failed to meet the Rule 60(b) standard. Petitioner essentially claims that she was unable to file objections due to mistake, inadvertence, surprise, or excusable neglect. As the Court detailed above, however, Petitioner made no effort to request an extension of time to file objections despite the purported delay in receiving the R & R. Petitioner received the R & R on October 2, 2014. The Court did not enter its order adopting the R & R until October 17, 2014. Petitioner, however, did not file any motions or communicate in any manner with the Court until she filed the instant motion to vacate on November 3, 2014. Accordingly, the Court finds that Petitioner has failed to make the requisite showing of timeliness and exceptional circumstances warranting relief. *See Dowell*, 993 F.2d at 48.

Furthermore, Petitioner has also failed to demonstrate that she has a meritorious claim. As the Magistrate Judge explained, this Petition was filed well beyond the expiration of the statute of limitations for filing a § 2254 petition. In her R & R, the Magistrate Judge explained that the statute of limitations ran, at the very latest, on July 26, 2000. Petitioner did not file this petition, however, until February 7, 2014. The Court agrees with the Magistrate Judge that her petition appears to have been filed well beyond the statute of limitations.

The Magistrate Judge also found that Petitioner failed to show that equitable tolling of the statute of limitations was warranted. In her motion to vacate, Petitioner simply made a generalized argument that her plea in the underlying state case was "irrational," and thus the state court should not have accepted it. Petitioner asserts that the evidence of her "irrational" plea was not available

---

29 at 9–11. The time for Petitioner to file a § 2254 petition expired, at the very latest, on July 26, 2000, when the Supreme Court of South Carolina issued its Remittitur in connection with Petitioner's first PCR petition. *See* ECF No. 21-6. Petitioner, however, did not file this petition until February 7, 2014. Moreover, as the Magistrate Judge detailed, Petitioner has not set forth sufficient reasons as to why the statute of limitations should be tolled in this matter. *See id.* at 11–14.

previously and thus she had presented newly available evidence. The Court finds that Petitioner has failed to show that equitable tolling should apply as she has not presented "(1) extraordinary circumstances, (2) beyond h[er] control or external to h[er] own conduct, (3) that prevented h[er] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Accordingly, based on the foregoing, relief from the judgment is not warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's motion to vacate is **DENIED**.

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
December 12, 2014